United States District Court
Southern District of Texas
**ENTERED**
October 02, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| TOTAL PROPERTY SOLUTIONS, LLC | § § § § | |
| Plaintiff. | § § | |
| VS. | § | CIVIL ACTION NO. 3:19-CV-00388 |
| ELIZABETH RAMIREZ, ET AL., | § § § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Before me is Plaintiff's Motion for Summary Judgment and Brief in Support. *See* Dkt. 27. In this motion, Total Property Solutions, LLC ("Total Property") asks me to enter summary judgment against Defendants Lori Annette Ramirez-Crawford a/k/a Lori Crawford ("Crawford") and Danny DeWoody ("DeWoody"). For the reasons set forth below, I recommend that this motion be **GRANTED**.

## PROCEDURAL AND FACTUAL BACKGROUND

Total Property seeks to reform the legal description and relevant deeds associated with a security instrument to correctly identify a piece of property in Matagorda, Texas. Total Property also seeks a declaration that a deed purporting to transfer the property from Crawford to DeWoody is void so that it may proceed with transferring full and correct title to the property and its improvements.

DeWoody filed an Answer but has not responded to the pending Motion for Summary Judgment. Total Property served Crawford with the Complaint, but she has not entered an appearance.

To put this case into its proper perspective, I begin on March 15, 1976, when Vernon and Grace Cook conveyed by warranty deed certain real property located in Matagorda County, Texas, to Ruben I. Ramirez. The warranty deed is recorded in the real property records of Matagorda County, Texas, under Instrument No. 28072 in Book 562, Page 871, and described the property as:

> LOT 94 of Live Oak Section of Tres Palacios Oaks, a private street subdivision of 118.435 acres in John Holmes Survey, Abstract 191, according to map recorded in Volume 5, pages 47 – 50 of the map records of Matagorda County, Texas, and recorded under No. 22866, Book 550, Page 709, of Deed Records of Matagorda County, Texas.

Dkt. 27-1 at 5. This property is referred to as "Lot 94." Four years later, on May 19, 1980, Ruben I. Ramirez obtained property adjacent to Lot 94 by warranty deed conveyed by E. Jack Allen and Elizabeth Allen. That warranty deed was recorded in the real property records of Matagorda County, Texas, under Instrument No. 13486 in Book 652, Page 621, and described the property as:

> LOT 93 OF LIVE OAK SECTION OF TRES PALACIOS OAKS SUBDIVISION, IN MATAGORDA COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN VOLUME 5, PAGE 47, OF THE PLAT RECORDS OF MATAGORDA COUNTY, TEXAS.

Dkt. 27-1 at 2. This property is referred to as "Lot 93."

Having obtained two adjoining land parcels, Ruben I. Ramirez and his then-spouse, Betty Ruth Ramirez, constructed a house over Lot 93 and Lot 94 with an address of 33

Osprey Street, Palacios, TX 77465 (the "Property"). Almost half the home and the septic system that services the residence sits on Lot 94:



Dkt. 27 at 12.

Betty Ruth Ramirez conveyed her interest in Lot 93 and Lot 94 to Ruben I. Ramirez by a Deed dated October 27, 1989, and recorded in the real property records of Matagorda County, Texas, under Instrument No. 1989-7113 in Book 239, Page 681 as follows:

TRACT NO. TWO:

Lots 93 and 94 of Live Oak Section of Tres Palacios Oaks, a private street subdivision of 118.435 acres in John Holmes Survey, Abstract 191, according to map recorded in Volume 5, pages 47–50 of the map records of Matagorda County, Texas, and recorded under No. 22866, Book 550, Page 709, of Deed Records of Matagorda County, Texas.

Dkt. 27-1 at 13.

Ruben I. Ramirez married Elizabeth Ramirez in 1992.[2] Seven years later, on June 27, 1998, two documents were executed. In the first, Ruben I. Ramirez conveyed an undivided one-half (1/2) interest in the Property to Elizabeth Ramirez by General Warranty Deed, the legal description providing:

> All that certain parcel of land situated in CITY OF PALACIOS being known as LOT 93, TRES PALACIOS OAKS, LIVE OAKS SECTION and being more fully described in Deed Book 239 PAGE 681 recorded on 11/07/89 among the land records of Matagorda County, TX.

*Id.* at 17. Ruben I. Ramirez did not transfer any interest in Lot 94 to Elizabeth Ramirez, but this appears to be a mistake as discussed more fully below.

Also on June 27, 1998, Elizabeth Ramirez and Ruben I. Ramirez executed a Texas Home Equity Security Instrument (the "Security Instrument"), recorded as Instrument No. 2014-4137 in the Official Records of Matagorda County, Texas. That Security Instrument granted Associates Financial Services Company of Texas, Inc., a security interest on the real property and improvements located at 33 Osprey Street, Palacios, TX 77465, in exchange for a loan of approximately $35,000. The legal description on the Deed of Trust provided:

> All that certain parcel of land situated in CITY OF PALACIOS being known as LOT 93, TRES PALACIOS OAKS, LIVE OAKS SECTION and being more fully described in Deed Book 239 Page 681 recorded on 11/07/89 among the land records of Matagorda County, TX.
>
> Also Known As: Tres Palacios Oaks Live Oak SE, Palacios, TX 77465

---

[2] Elizabeth Ramirez was originally a defendant in this action, but Total Property recently filed a Notice of Voluntary Dismissal Without Prejudice as to Defendant Elizabeth Ramirez. *See* Dkt. 31.

4

*Id.* at 29.  This legal description also mistakenly omitted a reference to Lot 94.

Home Investment Fund II, LP is the owner of the real property and improvements located at common address 33 Osprey Street, Palacios, TX 77465, pursuant to a Foreclosure Sale Deed recorded as Instrument No. 2018-6234 in the Official Records of Matagorda County, Texas.  The Foreclosure Sale Deed provided the following legal description:

> ALL THAT CERTAIN PARCEL OF LAND SITUATED IN CITY OF PALACIOS BEING KNOWN AS LOT 93, TRES PALOCIOS [sic] OAKS, LIVE OAKS SECTION AND BEING MORE FULLY DESCRIBED IN DEED BOOK 239 PAGE 681 RECORDED ON 11/07/89 AMONG THE LAND RECORDS OF MATAGORDA COUNTY, TX.

*Id.* at 88.  Total Property is the agent and administrator for Home Investment Fund II, LP with respect to the Security Instrument, accompanying Note, and the Property.

Ruben I. Ramirez died on November 28, 2010.  His heirs are Crawford, Ruben Ibo Ramirez Jr., and Cheryl K. Ramirez Brauner.  Ruben Ibo Ramirez Jr. and Cheryl K. Ramirez Brauner conveyed any interest they possessed in the Property and in Lot 93, Lot 94, and others to Crawford.

On May 19, 2019, Crawford recorded a Deed Without Warranty in the real property records of Matagorda County, Texas, under Instrument No. 2019-2881, purporting to convey Lot 94 to DeWoody.

## ANALYSIS

**A.** **SUMMARY JUDGMENT AGAINST DEWOODY**

Federal Rule of Civil Procedure 56(c) provides that summary judgment is proper if "there is no genuine issue of material fact."  Although DeWoody has appeared in this case,

5

he did not respond to the motion for summary judgment. According to the local rules, any failure to respond to a motion is taken as a representation of no opposition. *See* S.D. Tex. R. 7.4. Notwithstanding DeWoody's failure to respond, summary judgment "cannot be granted simply because there is no opposition, even if the failure to oppose violated a local rule." *Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985). Therefore, I must make an independent analysis as to whether summary judgment is proper.

"Pursuant to the doctrine of mutual mistake, when parties to an agreement have contracted under a misconception or ignorance of a material fact, the agreement will be avoided." *Williams v. Glash*, 789 S.W.2d 261, 264 (Tex. 1990). Total Property argues that the summary judgment evidence unambiguously demonstrates that the legal description contained in the General Warranty Deed, Security Instrument, and Foreclosure Sale Deed all contain the same mutual mistake: the erroneous omission of any reference to Lot 94. I find this argument persuasive.

As noted above, the house and septic system located at 33 Osprey Street, Palacios, TX 77465, sit on Lot 93 and Lot 94. There is no logical reason why the General Warranty Deed, Security Instrument, and Foreclosure Sale Deed would not reference Lot 94. The documents in the summary judgment record indicate that Elizabeth Ramirez, Ruben I. Ramirez, and Associates Financial Services Company of Texas, Inc. all intended to create a lien on the entire tract and improvements, including the portion of the home and septic system that sit on Lot 94.

In May 2019, Crawford recorded a Deed Without Warranty purporting to convey Lot 94—on which the Property sits—and Lot 95 to DeWoody. As I have explained, Lot 94 was part of the Property subject to the lien created by the Security Instrument. As such, Crawford did not have title to Lot 94 after foreclosure and could not validly transfer it to DeWoody. Total Property is thus entitled to summary judgment in its favor and a declaration that the Deed Without Warranty from Crawford to DeWoody is void and of no effect.

## B.   DEFAULT JUDGMENT AGAINST CRAWFORD

Total Property has also requested that a default judgment be entered against Crawford. Federal Rule of Civil Procedure 55 authorizes a district court to enter a default judgment against a defendant who "has failed to plead or otherwise defend." Although a defendant may technically be in default, "a party is not entitled to a default judgment as a matter of right." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (internal quotation marks and citation omitted). "Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead and Sav. Ass'n.*, 874 F.2d 274, 276 (5th Cir. 1989) (footnote omitted). A default judgment "must be 'supported by well-pleaded allegations' and must have 'a sufficient basis in the pleadings.'" *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015) (quoting *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). The entry of a default judgment is generally committed to the discretion of the district court. *See Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

I must apply a three-part test to determine whether entry of a default judgment is appropriate in this case. *See Aberle v. GP Clubs, LLC*, No. A-19-CV-1066-RP, 2020 WL 4035074, at *2 (W.D. Tex. July 17, 2020). First, I must consider "whether the entry of a default judgment is procedurally warranted." *Id.* Second, I must assess the substantive merits of Total Property's claims to determine whether there is a sufficient basis in the pleadings for the judgment. *See id.* Finally, I must determine what relief, if any, Total Property should receive. *See id.*

### 1. A Default Judgment Is Procedurally Warranted

Total Property has presented evidence that Crawford was served a copy of the Summons and Complaint but failed to serve or file a responsive pleading. Pursuant to Rule 55, Total Property sought an entry of default against Crawford. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). On March 17, 2020, the clerk entered default against Crawford. Once a default has been entered, and upon a party's motion, a court may enter a default judgment. *See* FED. R. CIV. P. 55(b)(2).

The Fifth Circuit has provided a number of considerations that should guide district courts considering whether to enter a default judgment, including: (1) whether material issues of fact exist; (2) whether there has been substantial prejudice; (3) whether the grounds for default are clearly established; (4) whether the default was caused by a good faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) whether

the court would consider itself obligated to set aside a default on the defendant's motion. *See Lindsey*, 161 F.3d at 893.

Applying the *Lindsey* factors, I conclude that a default judgment against Crawford is entirely appropriate. First, there are no material issues of fact left to resolve. Because Crawford has failed to answer the lawsuit, she is deemed to have admitted the allegations against her set forth in the Complaint. *See* FED. R. CIV. P. 8(b)(6) ("An allegation . . . is admitted if a responsive pleading is required and the allegation is not denied."). Second, there is no prejudice against Crawford. She was properly served and failed to respond to the lawsuit, despite having months to do so. Third, the grounds for default are clearly established. Fourth, I am unaware of any good faith mistake or excusable neglect that militates against default. Fifth, I do not find a default judgment to be harsh when Crawford has not even bothered to respond to the lawsuit. Sixth, I am aware of no facts that would cause me to set aside the default judgment should it be challenged at a later date.

### 2. There Is A Sufficient Basis In The Complaint For The Entry Of A Default Judgment

Next, I must assess the substantive merits of Total Property's claims. *See Nishimatsu*, 515 F.2d at 1206. Although Crawford is deemed to have admitted the allegations in the Complaint as a result of her default, I must still review the pleadings to determine whether there is "a sufficient basis in the pleadings for the judgment [to be] entered." *Id.* "When considering whether such a basis is presented, a court accepts as true the complaint's well-pleaded factual allegations—except regarding damages—and must determine whether those pleaded facts state a claim upon which relief may be granted."

9

*Shaw v. Galo Equip. & Constr., LLC*, No. 5-19-CV-00859-DAE, 2020 WL 3118928, at *2 (W.D. Tex. June 12, 2020).

In my view, the facts alleged in the First Amended Complaint state a mutual mistake claim upon which relief may be granted. In the section of this Memorandum and Recommendation addressing the summary judgment against DeWoody, I explored in detail the merits of Total Property's claims. I incorporate that section here. Given these well-pleaded factual allegations, a default judgment is entirely appropriate.

### 3. Total Property Is Entitled To Declaratory Relief

Finally, I must determine what relief Total Property is entitled to as part of the default judgment. Because Total Property has not sought damages, a computation of damages is unnecessary in this matter.

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). A declaratory judgment action is merely a vehicle that allows a party to obtain an "early adjudication of an actual controversy" arising under other substantive law. *Collin Cnty. v. Homeowners Ass'n for Values Essential to Neighborhoods (HAVEN)*, 915 F.2d 167, 170 (5th Cir. 1990). I, therefore, find that Total Property is entitled to the declaratory relief requested in the First Amended Complaint.[3]

---

[3] Total Property served Crawford with the Complaint. After the entry of default had been entered against Crawford, Total Property filed a First Amended Complaint. "Because the Amended

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** that Plaintiff's Motion for Summary Judgment and Brief in Support (Dkt. 27) be **GRANTED**, and that it be

> **ORDERED, ADJUDGED AND DECREED** that the Security Instrument recorded under Instrument No. 2014-4137, Official Records of Matagorda County, Texas, covers and includes Lot 94.
>
> **ORDERED, ADJUDGED AND DECREED** that the legal description in the (a) Deed dated October 27, 1989, and recorded in the real property records of Matagorda County, Texas, under Instrument No. 1989-7113 in Book 239, Page 681, (b) General Warranty Deed dated June 27, 1998, and recorded in the real property records of Matagorda County, Texas, under Instrument No. 984318 in Book 507, Page 115, (c) Texas Home Equity Security Instrument dated June 27, 1998, and recorded in the real property records of Matagorda County, Texas, under Instrument No. 2014-4137, and (d) Foreclosure Sale Legal Description dated October 2, 2018, and recorded in the Official Records of Matagorda County, Texas, under Instrument No. 2018-6234, shall each be reformed to provide as follows:
>
>> LOTS 93 and 94 OF LIVE OAK SECTION OF TRES PALACIOS OAKS, A PRIVATE STREET SUBDIVISION OF 118.435 ACRES IN JOHN HOLMES SURVEY, ABSTRACT 191, ACCORDING TO THE MAP RECORDED IN VOLUME 5, PAGES 47–50 OF THE MAP RECORDS OF MATAGORDA COUNTY.
>
> **ORDERED, ADJUDGED, and DECREED** the Deed Without Warranty from Lori Annette Ramirez Crawford a/k/a Lori Crawford to Defendant Danny DeWoody, which was recorded in the real property records of Matagorda County, Texas under Instrument No. 2019-2881, is void and of no effect.

The Clerk shall provide copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002–13. Failure to

---

Complaint does not assert any new claims for relief, [Total Property] was not required to serve the Amended Complaint on [Crawford], who is in default." *All. Well Serv. LLC v. Torres*, No. 3:17-CV-00196-M, 2017 WL 7512937, at *1 n.1 (N.D. Tex. Aug. 21, 2017) (citing FED. R. CIV. P. 5(a)(2)).

file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

SIGNED in Galveston, Texas, this 2nd day of October, 2020.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE